# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTLIERS COLLECTIVE, a Nonprofit Mutual Benefit Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE SANTA YSABEL TRIBAL DEVELOPMENT CORPORATION, a Tribally chartered corporation; GARDENPHARMA, LLC, a limited liability company; DAVID CHELETTE, an individual; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No. 3:18-cv-00834-JAH-KSC<br><br>**ORDER GRANTING DEFENDANTS THE SANTA YSABEL TRIBAL DEVELOPMENT CORPORATION AND DAVID CHELETTE'S MOTION TO DISMISS** |

**INTRODUCTION**

Pending before the Court is Defendants The Santa Ysabel Tribal Development Corporation ("SYTDC") and David Chelette's ("Chelette") (collectively referred to as "Tribal Defendants") motions to dismiss plaintiff Outliers Collective's ("Outco" or "Plaintiff") Complaint pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) and 12(b)(7). *Doc. Nos*. 8, 11. For the reasons set forth below, Defendants' motions to dismiss are GRANTED and the action is DISMISSED in its entirety as to all Defendants with prejudice.

//
//

## BACKGROUND

This action arises out of a Land Use Agreement ("Agreement") entered into by a tribally chartered corporation, wholly owned by the Iipay Nation of Santa Ysabel, a federally recognized Indian Tribe, and a Nonprofit Mutual Benefit Corporation, organized under the laws of the State of California. *Doc. No.* 8-1 at 8-34. In pertinent part, the Agreement set forth the terms by which Plaintiff would lease from SYTDC interior and exterior space on tribal lands for the cultivation, harvesting, and processing of medical cannabis pursuant to the Santa Ysabel Tribal Medicinal Cannabis Enterprise Act. *Id.* at 9.

In early 2017, a dispute arose regarding Plaintiff's obligation to pay the Tribe's Medical Cannabis Tax. *Doc. No.* 7 at 11. Negotiations were unsuccessful and the Agreement was eventually terminated. *Id.* at 12. The Tribal Cannabis Regulatory Agency revoked Plaintiff's license and prohibited Plaintiff and its affiliates from accessing the facility, although some of Plaintiff's property remained. *Id.*

On April 30, 2018, Plaintiff filed a complaint against Tribal Defendants for: (1) Breach of Contract; (2) Breach of Covenant of Quiet Enjoyment; (3) Conversion; (4) Unjust Enrichment; and (5) Declaratory Relief. *Doc. No.* 1. Tribal Defendants each timely filed motions to dismiss pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) and 12(b)(7). See *Doc. Nos.* 6, 8, 11. The motions have been fully briefed and are now before the Court.

## DISCUSSION

### I. LEGAL STANDARD

The federal court is one of limited jurisdiction. *Gould v. Mutual Life Ins. Co. v. New York*, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject-matter jurisdiction. *Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 93-94 (1998). The burden of establishing jurisdiction rests upon the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

"'[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.' [Citation]." *Rivet v. Regions Bank of Louisiana* 522 U.S. 470, 475 (1998). Plaintiff must plead a colorable claim "arising under" the Constitution or laws of the United States to invoke federal-question jurisdiction pursuant to 28 U.S.C. §1331. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513, (2006). To properly invoke federal question jurisdiction, a federal law or regulation must be "an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat. Bank* 299 U.S. 109, 112 (1936). If "a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh,* 546 U.S. at 514.

## II. ANALYSIS

The Complaint alleges jurisdiction under 28 U.S.C § 1331. Plaintiff cites to *Williams v. Lee*, 358 U.S. 217 (1959) to support jurisdiction over a matter brought by a non-tribal plaintiff against a tribal defendant when the cause of action arises on Indian territory. *Doc. No.* 1 at 2, ¶6. The Complaint further alleges that SYTDC agreed to waive its sovereign immunity from suit in favor of Plaintiff. *Id*. In response to Defendants' motions to dismiss[1], Plaintiff contends that the subject matter of the agreement is sufficient to invoke federal-question jurisdiction. *Doc. No.* 16 at 5.

First, Plaintiff's reliance on *Willams* is misplaced. The *Williams* Court reversed the Arizona Supreme Court's decision affirming judgment for plaintiff, a non-tribal member, in an action against a tribal member. The Court held that state courts did not have authority to exercise jurisdiction over civil suits against tribal members where the cause of action arose on an Indian reservation. 358 U.S. at 223. The Court reasoned that the exercise of jurisdiction by the state would "undermine the authority

---

[1] Defendants move to dismiss on three grounds: (1) as a court of limited jurisdiction, this Court lacks subject-matter jurisdiction, (2) the limited waiver of sovereign immunity allowed only for dispute resolution by arbitration and has since expired, and (3) indispensable parties have not been joined by Plaintiff and therefore Plaintiff's claims must be dismissed. Because the Court finds it lacks subject-matter jurisdiction, it declines to address the remaining contentions.

of the tribal courts over Reservation affairs and hence would infringe on the right of the Indians to govern themselves." *Id*. The lack of authority by state courts to exercise jurisdiction, however, cannot be interpreted to mean jurisdiction automatically vests in District Courts. To be certain, the Supreme Court notes in *Williams* that Congress has acknowledged the authority of Indian governments over their reservations and the Court has consistently protected it. *Id*. at 223.

Second, SYTCD's limited waiver of sovereign immunity has no bearing on whether this Court has subject-matter jurisdiction. Subject-matter jurisdiction cannot be forfeited or waived. *Arbaugh*, 546 U.S. at 514 (quoting *United States v. Cotton*, 535 U.S. 625, 630, (2002)); *See also Weeks Const., Inc. v. Oglala Sioux Hous. Auth.*, 797 F.2d 668, 671 (8th Cir. 1986) (waiver of sovereign immunity by tribal housing authority did not by fiat confer jurisdiction on the federal courts). Even if the parties agreed, as Plaintiff contends, that a dispute arising out of the Agreement may be submitted to any federal court of *competent* jurisdiction within this District, this Court has an "independent obligation to determine whether subject-matter jurisdiction exists." *Arbaugh*, 546 U.S. at 514 (citing *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 583 (1999).

Third, the allegations Plaintiff pleads in the Complaint and raises in its responsive pleading are insufficient to bring the action within the limited jurisdiction of this Court. Plaintiff references no federal law or regulation essential to the adjudication of its claims.[2] "Federal question jurisdiction does not exist merely because an Indian tribe is a party or the case involves a contract with an Indian tribe," *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989), nor "does it exist if 'the real substance of the controversy centers

---

[2] Plaintiff mentions the Wilkinson Memorandum referred to in the Land Use Agreement, which provides "guidance on the enforcement of the Controlled Substances Act ... on tribal lands by the United States Attorneys' offices." *Policy Statement Regarding Marijuana Issues in Indian Country*, Monty Wilkinson, Director of the Executive Office for the United States Attorneys, pp 1-2. October 28, 2014 ("Wilkinson Memorandum"). The Controlled Substance Act constitutes federal law. However, the memo itself does not.

upon' something other than the construction of federal law." *Longie v. Spirit Lake Tribe*, 400 F.3d 586, 590 (8th Cir. 2005) (quotations omitted) (quoting *Littell v. Nakai*, 344 F.2d 486, 488 (9th Cir.1965)). District Courts "will exercise section 1331 jurisdiction in cases involving reservation affairs only in those cases in which federal law is determinative of the issues involved." *Id.* at 589 (citing *Smith v. McCullough*, 270 U.S. 456, 459 (1926)).

Plaintiff frames its controversy as:

…relating to [the] respective rights and duties under … the Land Use Agreement, and their respective rights to possession, control and ownership over the medical cannabis then growing at the premise, the greenhouses, supplies and equipment for use in growing that medical cannabis, and the right to the profits arising therefrom. *Doc. No.* 1 at 11, ¶48.

The controversy is based solely on the terms of the Agreement, without regard to the "validity, construction or effect" of a federal law. *See Shulthis v. McDougal*, 225 U.S. 561, 569-70 (1912). "If an interpretation of tribal or local law is necessary to establish or clarify a right sought to be enforced based on a contract, then jurisdiction under section 1331 does not exist, even if the subject of the contract is [federally regulated]." *Longie*, 400 F.3d at 590 (no jurisdiction despite a contractual dispute relating to Indian trust property); *see* also *Begay v. Kerr-McGee Corp.*, 682 F.2d 1311, 1315, (9th Cir.1982) (no jurisdiction where the cause of action arose under state law, despite anticipation of a defense based on federal law). Plaintiff does not challenge the effect or construction of the Controlled Substance Act ("CSA"), but mentions, in opposition to the motion, that a federal question has been asserted "in light of the subject matter of the agreement and the federal regulation of that subject matter." *Doc. No.* 16 at 5. Even assuming Plaintiff included the federal regulation of controlled substances as a basis for jurisdiction in its Complaint, as opposed to its response to Defendants' motions to dismiss, the result would be same.

Provision 17.1 of the Agreement provides:

> This Agreement shall be governed by and interpreted in accordance with the laws of the Tribe. This Agreement shall be deemed made and entered into within the Tribe's reservation.

As in *Weeks Const. Inc. v. Oglala Sioux Hous. Auth.*, the rights Plaintiff seeks to enforce are based on an agreement, interpretation of which is governed by local (tribal) law, not federal law; leaving this Court devoid of subject-matter jurisdiction. 797 F.2d 668, 672 (8th Cir. 1986).

## CONCLUSION

Based on the foregoing, the Court finds that Plaintiff has not met its burden in establishing subject-matter jurisdiction. Therefore, Defendants' motions to dismiss (doc. nos. 8, 11) are GRANTED, and Plaintiff's Complaint is DISMISSED in its entirety with prejudice as to all Defendants.

**IT IS SO ORDERED.**

DATED: March 12, 2019

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE